**UNITED STATES of America,
Plaintiff,**

v.

**Leonard GONZÁLEZ–
SEDA, Defendant.**

**Criminal No. 15–440 (FAB)**

United States District Court,
D. Puerto Rico.

Signed February 23, 2017.

Cristina Caraballo–Colon, Teresa S. Zapata–Valladares, U.S Attorney Office, San Juan, PR, for Plaintiff.

Kendys Pimentel–Soto, San Juan, PR, for Defendant.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

 The Motion Requesting to Reopen Cross Examination of Agent Roberto Beauchamp to Submit Statements Pursuant to Federal Rule of Evidence and to Impeach by Omission [1], Docket No. 165, is **DENIED.** Pursuant to Fed. R. Evid. 804(b)(3), a statement against interest may be admissible if the statement "(a) was self-inculpatory when made because it would 'expose the declarant to [ . . . ] criminal liability,' and (b) 'is supported by corroborating circumstances that clearly indicate its trustworthiness." United States v. Taylor, 848 F.3d 476, 486, 2017 WL 526057, at *5, 2017 U.S. App. LEXIS 2279, at *14 (1st Cir. 2017). To qualify as self-inculpatory, the statement must be "sufficiently against the declarant's penal interest 'that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Id. (quoting U.S. v. Barone, 114 F.3d 1284, 1295 (1st Cir. 1997)). In criminal cases, a self-inculpatory statement is a "self-serving statement . . . that tends to reduce the charges or mitigate the punishment for which the declarant might be liable." See M. Graham Federal Practice and Procedure § 6795 p. 810, no. 10 (1992).

 The Court finds that defendant's prior statement to Puerto Rico Police Officer Roberto Beauchamp, that "the marihuana inside the backpack he seized in this case was [defendant's] because [defendant] was a marihuana user," (Docket No. 165) is in fact not against defendant's penal interest. Defendant is charged, *inter alia*, with violating 18 U.S.C. 924(c), possession of a firearm in furtherance of a drug trafficking, and 21 U.S.C. 841(a)(1), possession with intent to distribute controlled substances (marihuana). Defendant's statement that the seized marihuana was for personal use negates the "in furtherance of a drug trafficking" and "intent to distribute controlled substances" elements of the above-mentioned counts. Consequently, the Court finds that the statement is self-serving and non-inculpatory, and thus, not admissible as evidence. See U.S. v. Gomez, 772 F.Supp.2d 1185, 1197 (C.D. Cal. 2011) (Defendant's statements to police regarding personal use of methamphetamine are inadmissible because generally the statement is inculpatory, but "in the context of

---

1. Defendant designated the motion before the Court as one requesting permission to impeach by omission. Docket No. 165. Defendant, however, does not include arguments regarding impeachment by prior inconsistent statements, or more specifically, impeachment by omission pursuant to Fed. R. Evid. 613(a). Defendant relies only on Fed. R. Evid. 804. Id. at p. 3.

the instant case, such a statement is clearly exculpatory as it tends to negate the element of intent to distribute"). The Court will not reopen cross-examination for the inadmissible evidence. Thus, the motion is **DENIED.**

**IT IS SO ORDERED.**